

FILED

DEC 0 4 2017

Clerk, U.S. District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| GREGORY LYNN WALLACE,<br><br>Petitioner,<br><br>vs.<br><br>STATE OF MONTANA,<br><br>Respondent. | Cause No. CV 17-74-BU-DLC-JCL<br><br><br>FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Gregory Lynn Wallace's application for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). Wallace is a state prisoner proceeding pro se.

On October 13, 2017, Wallace was ordered to show cause as to why his petition should not be dismissed as time-barred. (Doc. 4). Wallace timely responded. (Doc. 11).

## I. Federal Statute of Limitations

As explained in the Order to Show Cause, this Court has conducted its analysis in relation to the claims Wallace advances in his petition. A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. *See,* 28 U.S.C. § 2244. Absent a reason to apply one of the other "trigger"

1

dates" in 28 U.S.C. § 2244(d)(1), Wallace's federal petition had to be filed within one year of the date his conviction became final. 28 U.S.C. § 2244(d)(1)(A). Wallace did not file a timely notice of appeal, therefore his conviction became final 60 days after entry of the written judgment, on December 14, 2015. Mont. R. App. P. 4(5)(b)(i) (2008); *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). Wallace should have filed his federal petition on or before Wednesday, December 14, 2016. But he filed in the Court on May 25, 2017, more than five months too late.[1]

Wallace was directed to show cause why his petition should not be dismissed with prejudice as time-barred and was advised as to how he might make this showing. (Doc. 4 at 5). Wallace responded by explaining that he is a traditional Crow Indian who "barely speaks [E]nglish and has been led astray in the prison legal library by individuals who do not know the law and are predatory in nature with respect to assisting him." (Doc. 11 at 1). Wallace's response was apparently prepared by a "friend" who requested Wallace be appointed Native American counsel to assist Wallace with presenting the merits of his claims. *Id.* at 2.

A habeas petitioner is " 'entitled to equitable tolling' only if he shows (1)

---

[1] Federal time is also tolled while a state prisoner has a "properly filed application for State postconviction or other collateral review" pending in state court. 28 U.S.C. §2244(d)(2). Wallace did file a petition for postconviction relief, but it was denied on the same day it was filed. Thus, only one day of time would be tolled in his favor. Wallace also filed a petition for an out of time appeal in the trial court, but it was filed after the federal filing date had passed, thus, the filing of that document does not toll any time in Wallace's favor.

2

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010)(quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). "The petitioner must show that 'the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.'" *Porter v. Ollison*, 620 F. 3d 952, 959 (9th Cir. 2010); see also, *Brambels v. Duncan*, 330 F. 3d 1197, 1202 (9th Cir. 2003). "The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F. 3d 1063, 1066 99th Cir. 2002). The failure to file a timely petition must be the result of external forces, not the result of the petitioner's lack of diligence. *Miles v. Prunty*, 187 F. 3d 1104, 1107 (9th Cir. 1999). "Determining whether equitable tolling is warranted is a 'fact-specific inquiry.'" *Spitsyn v. Moore*, 345 F. 3d 796, 799 (9th Cir. 2003).

The record before the Court, and Mr. Wallace's history of filing in this Court, belies Wallace's assertion that he should be entitled to equitable tolling because of his own ignorance of the law or a purported language barrier. A claimed lack of legal knowledge is routinely rejected as a ground for equitable tolling. See *Raspberry v. Garcia*, 448 F. 3d 1150, 1154 (9th Cir. 2006)(collecting cases and holding "a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance"); *Ford v. Pliler*, 590 F. 3d 782, 789 (9th Cir. 2009);

3

*Waldron-Ramsey v. Pacholke*, 556 F. 3d 1008, 1013 n. 4 (9th Cir. 2009). Wallace's lack of legal knowledge demonstrates that he is similarly situated to other pro se prisoners seeking habeas relief, rather than laboring under an extraordinary circumstance.

In relation to Wallace's claim of difficulty with the English language, "a non-English speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." *Mendoza v. Carey*, 449 F. 3d 1065, 1070 (9th Cir. 2006). In the present case, Wallace has made no such showing.

Wallace was involved in criminal and revocation proceedings in two separate federal matters: *US. V. Wallace*, CR-96-79-BLG and *US v. Wallace*, CR-04-61-BLG. Wallace did not request the assistance of an interpreter nor did counsel request one on Wallace's behalf in either case. Moreover, Wallace, representing himself, has filed three separate §2254 petitions, aside from the present petition.[2] With the exception of the claim regarding being a Native-Crow speaker that Wallace advances in the present petition, Wallace has never advised

---

[2] See, *Wallace v. Att'y General*, CV-08-11-BLG; *Wallace v. Northern Cheyenne Tribe*, CV-09-115-BLG; *Wallace v. Kirkegard*, CV-15-11-H.

the Court that he requires the assistance of a Crow-speaker. Additionally, Mr. Wallace acting as a pro se plaintiff, has filed twenty-three separate civil actions in this District.[3] Eleven of these civil actions were filed during the time in which Wallace's one-year limitations period was running in the present matter. Thus, Wallace cannot demonstrate that a difficulty with the English language prevented him from having the ability to file matters in this Court. Or, to put it another way, Wallace has not demonstrated that his failure to timely file his habeas petition was the result of external forces, rather, it would appear in the instant case, Wallace's untimely filing resulted from his failure to act diligently.

## II. Conclusion

Wallace's petition is untimely and his failure to comply with the federal limitations period cannot be excused. Wallace's petition should be dismissed as time-barred.

## III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254

---

[3] See, *Wallace v. Gober et al.*, CV-08-39-BLG; *Wallace v. N. Cheyenne Corrections Officers et al.*, CV-09-116-BLG; *Wallace v. Hamm et al.*, CV-12-73-BLG; *Wallace v. Duke et al.*, CV-15-43-BLG; *Wallace v. CCS, Inc. et al.*, CV-15-125-BLG; *Wallace v. United States*, CV-16-115-BLG; *Wallace v. Bonet*, CV-17-28-BLG; *Wallace v. CCS, Inc. et al.*, CV-15-13-BU; *Wallace v. CCS, Inc. et al.*, CV-16-43-BU; *Wallace v. Sioux-Assiniboine Corrections et al.*, CV-15-30-GF; *Wallace v. Roosevelt County Head Jailer et al.*, CV-16-88-GF; *Wallace v. United States A.A. Office et al*, CV-16-101-GF; *Wallace v. Dr. Henderson*, CV-14-67-H; *Wallace v. CIA/BIA Corrections et al*, CV-14-74-H; *Wallace v. Barclay et al.*, CV-15-42-H; *In re Wallace*, CV-16-51-H; *Wallace v. CCS, Inc. et al.*, CV-16-75-H; *Wallace v. United States A.A. Office et al.*, CV-16-85-H; *Wallace v. CIA/BIA Corrections et al.*, CV-15-55-M; *In Re Wallace*, CV-16-12-M; *Wallace v. United States A.A. Office et al.*, CV-16-112-M.

Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

None of the claims advanced by Wallace appear to make a substantial showing that he was deprived of a constitutional right. A certificate of appealability should be denied because the petition is untimely and no reasonable jurist would find basis to encourage further proceedings.

## RECOMMENDATION

1. Mr. Wallace's Petition (Doc. 1) should be DISMISSED WITH PREJUDICE as time-barred without excuse.

2. The Clerk of Court should be directed to enter, by separate document, a judgment in favor of Respondent and against Petitioner.

3. A certificate of appealability should be DENIED.

# NOTICE OF RIGHT TO OBJECT
# TO FINDINGS & RECOMMENDATION
# AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Wallace may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

Mr. Wallace must immediately notify the Court of any change in his mailing address by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 4th day of December, 2017.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[4] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Wallace is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.